## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

HENRY MILTON LEWIS,     *

  Plaintiff,        *

v.               **Case No.: GJH–21–2720 &**

             *  **Case No.: GJH–21–3102**

PRINCE GEORGE'S COUNTY
BOARD OF EDUCATION, *et al.*,

             *

  Defendants.

             *

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Henry Milton Lewis sues Defendants the Prince George's County Board of Education (the "Board"), Mark Fossett, Shawn Matlock and William Smith, and Sarah Woodhead ("Individual Defendants").[1] Plaintiff alleges disparate impact age discrimination and retaliation pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C § 623 ("ADEA"). *See* No. 21-2720, ECF No. 2 (*Lewis v. Prince George's County Board of Education et al.*). Plaintiff also brings a collective action pursuant to 29 U.S.C. §§ 216(b) and 626(b) on behalf of a purported class of job applicants "who were not hired, promoted, or suffered adverse action/discipline for the Covered Positions." *See* No. 21-3102, ECF No. 1 (*Lewis v. Prince George's County Board of Education et al.*). Pending before the Court are a number of motions including Defendants' Partial Motion to Dismiss for Failure to State a Claim, No. 21-2720, ECF No. 17, Defendants' Motion to Dismiss, No. 21-3102, ECF No. 13, Defendants' Motion to

---

[1] The Court consolidates two separate actions: No. 21–2720 (*Lewis v. Prince George's County Board of Education et al.*) and No. 21–3102 (*Lewis v. Prince George's County Board of Education et al.*).

Consolidate Cases, No. 21-2720, ECF No. 19, and Plaintiff's Motions to Amend/Correct

Complaint, No. 21-2720, ECF No. 26; No. 21-3102, ECF No. 23.[2] No hearing is necessary. *See*

Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendants' Partial Motions to Dismiss,

Motion to Dismiss with Prejudice, and Motion to Consolidate are granted, and Plaintiff's

Motions to Amend Complaint are denied. The Court also consolidates the actions.

## I.   BACKGROUND[3]

### A.  Factual Background

Plaintiff's Amended Complaints are far from a model of clarity; however, he appears to

allege, at least, the following.

Plaintiff, a now sixty-seven-year-old man, alleges that on June 18, 2012, the Prince

George's County Board of Education, Department of Capital Programs hired him as a Project

Manager II. *See* No. 21-2720, ECF No. 26-2 ¶ 1; No. 21-3102, ECF No. 17-2 ¶ 1. Between the

two Complaints, Plaintiff alleges that, over the years, he applied for various positions that he

contends he was qualified for, but that he was rejected in favor of younger candidates.

In the Amended Complaint in Case No. 21-2720, ECF No. 2, Plaintiff contends that he

was "denied [the] equal opportunity to apply" for the position of Director of Capital Program

because Mark Fossett, then Assistant Superintendent of Supporting Services, preselected Shayla

Taylor as Acting Director of Capital Program on August 19, 2016. No. 21-2720, ECF No. 2-1 ¶¶

---

[2] Also pending before the Court in Case No. 21-2720 is Defendants' Consent Motion for Extension of Time to Respond to Complaint, ECF No. 11, and Plaintiff's Consent Motion for Extension of Time, ECF No. 20. Pending before in the Court in Case No. 21-3102 is Defendants' Consent Motion for Extension of Time to Respond to Complaint, ECF No. 9, and Plaintiff's Consent Motion for Extension of Time, ECF No. 15. The Court grants these motions.

[3] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaints and Proposed Second Amended Complaints, No. 21-2720, ECF Nos. 2 & 26-2; No. 21-3102, ECF Nos. 1 & 17-2, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

5, 7. Plaintiff contends that Taylor, "a significantly younger candidate with less qualifications and experiences was selected" without competition and that "this process of preselection was discriminatory." *Id.* ¶ 7. Plaintiff contends that this preselection of candidates "has caused an adverse, disproportionate impact on persons because of their age." *Id.* ¶ 1. Plaintiff also alleges that, after he made two charges of employment discrimination with the EEOC, Defendants retaliated against him by (1) failing to promote him to the position of Project Management Supervisor, (2) issuing numerous disciplinary actions against him including email reprimands, performance corrective action notices, and (3) constructively discharging him by continually denying him several promotions, which "created such an intolerable employment situation . . . amount[ing] to 'career ending' retaliation." *Id.* ¶¶ 14–20.

Plaintiff attaches a copy of the Charge of Discrimination and Amended Charge ("Initial and Amended EEOC Charge") he filed with the Prince George's County Human Relations Commission and the United States Equal Employment Opportunity Commission ("EEOC"), *see* ECF No. 2-2 at 1–3,[4] and the Dismissal and Notice of Rights letter he received from the EEOC, *see id.* at 4. On March 5, 2018, Plaintiff filed a Charge of Discrimination with the EEOC, against Defendant Prince George's County Board of Education, alleging discrimination based on his age.[5] *Id.* at 1. In the Charge, Plaintiff alleged the following:

> I believe the Respondent discriminated against me in the terms, conditions, privileges of employment in the area of failure to hire on the basis of my age (63).
>
> I gained employment with the Respondent on June 18, 2012 and my most current position is Project Manager II.
>
> On October 2, 2017, the Respondent hired a non-qualified younger applicant (age late 40-ear१य 50s) for the vacant Director-Capital Program job position; however, I met the

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[5] The Charge Number was 12H-2018-00023. No. 21-2720, ECF No. 2-2 at 1.

minimum qualifications for the position and was not hired. I believe that the Respondent
failed to hire me because of my age (63).

*Id.* Plaintiff checked the box on the Charge form for discrimination based on age with both the

earliest and latest date of discrimination occurring on October 2, 2017. *Id.* On August 20, 2018,

Plaintiff filed an Amended Charge of Discrimination in which he stated the following:

> I wish to amend my March 5, 2018 charge of discrimination to include the following:
>
> Retaliation: On April 26, 2018, the Respondent's, Supervisor issued me a Performance
> Correction Notice because I did not attend the mandatory training and that my tone in my
> email was harsh and I was disrespectful and insubordinate. I explained to the Supervisor
> that the reason I did not attend was because there was a mix-up in the schedule dates and
> illegal activity was being conducted at the Respondent's location. The Performance
> Correction was done as a result of filing a discrimination complaint with the Respondent.
> [sic] of why I was denied a promotion as Director of Capital Programs.
>
> Age: On February 2, 2018, the Respondent selected a younger person in her thirties (30's)
> to be the Construction Officer/Deputy whose qualifications are questionable. I am more
> qualified. I am a licensed Architect, LEED professional and have over forty (40) years of
> experience including over five (5) years with the Respondent.
>
> I believe the aforementioned actions were taken against me because the new Construction
> Officer/Deputy selected is younger, in her thirties (30) than me (Age 63).

*Id.* at 2–3. Plaintiff checked the box on the Charge form for discrimination based on age and

retaliation, and Plaintiff indicated that the earliest and latest date of discrimination occurred on

April 24, 2018. *Id.* On August 3, 2021, the EEOC issued Plaintiff a Dismissal and Notice of

Rights indicating that the EEOC was closing its file on the Charge because "[t]he EEOC has

adopted the findings of the state or local fair employment practices agency that investigated this

charge." *Id.* a 4.

In the Complaint in Case No. 21-3102, ECF No.1, Plaintiff puts forth similar

discriminatory allegations. Specifically, Plaintiff alleges discrimination through candidate

preselection and the interview process, and he contends that Defendants "willfully preselected

younger candidates for positions," which "had a disparate impact on older workers like Lewis."

4

No. 21-3102, ECF No. 1-1 ¶ 22–50. In this Complaint, Plaintiff "brings a collective action

pursuant to 29 U.S.C. §§ 216(b) and 626(b) seeking relief on behalf of a collective of all

applicants who were not hired, promoted, or suffered adverse actions/discipline for the Covered

Positions, and deterred prospective applicants for the Covered Positions, ages 40 and older . . .

under the ADEA." *Id.* ¶ 51.

Similar to the Amended Complaint in Case No. 21-2720, Plaintiff also attaches a copy of

the Charge of Discrimination he filed with the Maryland Commission on Civil Rights and the

EEOC, *see* ECF No. 1-2 at 1, and the Dismissal and Notice of Rights letter he received from the

EEOC, *see id.* at 2. On November 22, 2016, Plaintiff filed a charge of discrimination, also

against Defendant Prince George's County Board of Education, alleging discrimination based on

his age. In the Charge, Plaintiff alleged the following:

> I began my employment at the above named employer on June 18, 2012 and my most
> recent position is a Project Manager II. In May 2016, I applied for the vacant Project
> Manager Supervisor position, was interviewed, and on June 20, 2016, was advised by
> LaChon Winston, Senior HR Partner of my nonselection. A similarly situated younger
> employee, William Smith has been allowed to attend senior meetings and provide
> direction to employees as if he was pre-selected for the position and in fact he was
> selected for the position. On July 7, 2016, I filed a grievance and nothing has been done.

> The reason given for my non-selection was another candidate was selected for the
> position.

> I believe I have been discriminated against because of my age (62) in violation of the Age
> Discrimination in Employment Act of 1964, as amended with respect to promotion and
> unequal terms and conditions of employment.

*Id.* at 1. Plaintiff checked the box on the Charge form for discrimination based on age, and

Plaintiff indicated that the earliest date of discrimination occurred on May 1, 2016 and that the

latest date of discrimination occurred on July 7, 2016. *Id.* On September 14, 2021, the EEOC

issued a Dismissal and Notice of Rights to Plaintiff in which it indicated that it was closing its

file on the Charge because "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." *Id.* at 2.

As best the Court can identify, in the proposed amended complaints, *see* No. 21-2720, ECF No. 26-1 ("Second Amended Complaint"); No. 21-3102, ECF No 17-2 ("Amended Complaint 1"); No. 21-3102, ECF No. 23-2 ("Amended Complaint 2"), Plaintiff seeks to add additional factual allegations and claims not included in any of his previously attached EEOC Charges.

Proposed Second Amended Complaint, No. 21-2720, ECF No. 26-1, includes facts regarding Plaintiff's alleged non-selection for a Project Management Supervisor position he interviewed, but was not selected, for on October 26, 2017, *see* No. 21-2720, ECF No. 26-1 ¶¶ 14, 16, 80, and a new disparate treatment claim, *see id.* ¶¶ 73–89. He also seeks to expand his retaliation claim to include additional events and types of retaliation including "retaliation by failure to promote" Plaintiff to other supervisory positions such as Project Management Supervisor and Direction of Capital Programs and "failure to investigate Plaintiff's charges of discrimination and retaliation." *Id.* ¶ 68(1), (4).

In proposed Amended Complaint 1, No. 21-3102, ECF No. 17-2, Plaintiff, likewise, seeks to add virtually identical factual allegations regarding his non-selection for the Project Management Supervisor position, *see* No. 21-3102, ECF No. 17-2 ¶¶ 6, 8, additional factual allegations in support of his disparate impact claim, *see id.* ¶¶ 39, 69–72, new factual allegations and arguments in support of an added disparate treatment claim, *see id.* ¶¶ 19–34, and additional factual allegations in support of his collective action claim, which he alleges also arises out of the EEOC Charge he filed in 2016, *id.* ¶¶ 74–75.

In proposed Amended Complaint 2, No. 21-3102, ECF No. 23-2, Plaintiff appears to add to his proposed disparate treatment claim by adding one sentence to Paragraph 8 of proposed Amended Complaint 1, as well as additional factual allegations in support of his disparate impact claim, *see* No. 3102, ECF No. 23-2 ¶¶ 8, 73–79.[6]

### B.  Procedural Background

In Case No. 21-2720, Plaintiff filed a Complaint in this Court on October 22, 2021, No. 21-2720, ECF No. 1. On November 11, 2021, Plaintiff filed an Amended Complaint, ECF No. 2. On February 2, 2022, Defendants filed the now pending Partial Motion to Dismiss, ECF No. 17, and Motion to Consolidate Cases, ECF No. 19. On March 30, 2022, Plaintiff filed a Motion for Rule 56(d), ECF No. 22, a Motion to Strike Affirmative Defenses, ECF No. 23, and a Motion to File Second Amended Complaint, ECF No. 26. The same day, Defendants opposed the Motion to Strike, ECF No. 27, replied to the Motion to Consolidate, ECF No. 28, opposed Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 29, and responded to Plaintiff's Motion for Rule 56(d), ECF No. 30. On April 12, 2022, Plaintiff replied in support of his Motion to Strike Affirmative Defenses, ECF No. 31, the Motion for Rule 56(d), ECF No. 32, and Motion for Leave to File Second Amended Complaint, ECF No. 33. On April 26, 2022, Defendants filed a response to Plaintiff's Objection to Evidence in Defendants' Opposition to Plaintiff's Motion to Amend Complaint, ECF No. 36, which was attached to Plaintiff's reply in support of Plaintiff's Motion for Leave to Amend.

In Case No. 21-3102, Plaintiff filed a Complaint in this Court on December 6, 2021, ECF No. 1. On February 1, 2022, Defendants filed the additionally pending Motion to Dismiss with Prejudice, ECF No. 13. On February 17, 2022, Plaintiff filed an Objection to Evidence in

---

[6] Although Plaintiff filed two proposed Amended Complaints in Case No. 21-3102, the Court, for its subsequent analysis, treats the last filed Amended Complaint, ECF No. 23-2 as the proposed Amended Complaint at issue.

Defendants' Memorandum of Law in Support of their Motion to Dismiss with Prejudice, ECF No. 16. On February 22, 2022, Plaintiff filed the pending Motion for Leave to Amend, ECF No. 17. On March 1, 2022, Plaintiff filed a supplement to his opposition to Defendants' Motion to Dismiss with Prejudice, ECF No. 18. The same day, Plaintiff filed a Motion for Rule 56(d), ECF No. 19, and on March 3, 2022, Defendants replied to Plaintiff's Objection to Evidence in Defendants' Reply in Support of their Motion to Dismiss with Prejudice, ECF No. 20. On March 8, 2022, Defendants opposed Plaintiff's Motion for Leave to Filed Second Amended Complaint, ECF No. 21. On March 15, 2022, Defendants replied to their Motion to Dismiss with Prejudice and Plaintiff's Motion for Rule 56(d), ECF No. 22.

Also on March 15, Plaintiff filed a second Motion for Leave to File Amended Complaint, No. 21-3102, ECF No. 23, replied to his Motion for Leave to Amend, ECF No. 24, and he filed a Motion to Strike Part of Defendants' Opposition to Plaintiff's Motion to Amend Complaint, ECF No. 25. On March 29, 2022, Defendants opposed Plaintiff's Motion to Strike Part of its Opposition, ECF No. 27, and opposed the second Motion for Leave to Amend, ECF No. 28. On March 30, 2022, Plaintiff filed a Motion for Leave to File a Surreply, ECF No. 29. On April 4, 2022, Plaintiff requested entries of default as to all Defendants, *see* ECF Nos. 30–33. On April 13, 2022, Defendants opposed Plaintiffs Motion for Leave to File Surreply, ECF No. 34. On April 18, 2022, Defendants filed correspondence regarding Plaintiff's requests for entry of default, ECF No. 35. On April 18, 2022, Plaintiff replied in support of this second Motion for Leave to Amend, ECF No. 36, and replied in support of his Motion to Strike Part of Defendants' Opposition to Plaintiff's Motion to Amend Complaint, ECF No. 37. On April 27, 2022, Plaintiff replied to Defendants' correspondence regarding Plaintiff's requests for entries of default against Defendants, ECF No. 38.

## II.    STANDARD OF REVIEW

At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires," *id.*, "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (internal quotations and citations removed). A motion for leave to amend should be denied when the amendment would be futile. *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 267 (4th Cir. 2016). An amendment to a complaint is futile when the amended complaint could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks

omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint[,]" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Further, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

Liberal construction of the pleadings is appropriate where, as here, a party is self-represented. *See Spencer v. Earley*, 278 Fed. App'x 254, 259–60 (4th Cir. 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) ("[d]ismissal of a pro se complaint . . . for failure to state a valid claim is [ ] only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'") (emphasis in original)). "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim

on which the petitioner could prevail, it should do so[.]'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). However, "judges are not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

## III.   DISCUSSION

### A.  Motion to Consolidate

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate separate actions if they involve a "common question of law or fact." Cases meet the Rule 42(a) standard where they are "brought against the same defendant, rely[ ] on the same witnesses, alleg[e] the same misconduct, and answer[ ] with the same defenses." *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997); *see also Lin v. Wolf*, No. 18-cv-3548, 2020 WL 9424718, at *1 (D. Md. June 19, 2020) (consolidating actions when they were "brought against the same defendant, raise[d] the same claims based on the same challenged practice, will likely involve the same witnesses and defenses, and will require the resolution of the same legal and factual questions[,]" as well as had the same "members of the proposed class[.]").

Here, it is apparent that the two cases at issue involve virtually identical facts, defenses, and parties, with the only difference in parties being that William Smith is a defendant only in Case No. 21-2720 and Sarah Woodhead is only named in Case No. 21-3102. Further, there are common questions of both fact and law between both cases. In both Complaints, Plaintiff alleges disparate impact claims, *see* No. 21-2720, ECF No. 2-1 ¶¶ 1–13; No. 21-3102; ECF No. 1-1 ¶¶ 18–50. The most notable distinctions between the two cases are that Plaintiff only alleges retaliation in Case No. 21-2720, *see* ECF No. 2-1 ¶¶ 14–24, while in Case No 21-3102, Plaintiff includes a purported collective action claim under 29 U.S.C. §§ 216(b), 626(b), *see* ECF No. 1-1 ¶¶ 73–86.

Based on the above, and the fact that Plaintiff has offered only conclusory statements in opposing Defendants' Motion to Consolidate, *see* No. 21-2720, ECF No. 25 at 1–2, the Court agrees that the interests of judicial economy would, indeed, be served by consolidating the cases, and Plaintiff will not suffer prejudice from this consolidation. *See Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *rev'd on other grounds*, 712 F.2d 899 (4th Cir. 1983) (en banc). Thus, the Court will consolidate the actions Nos. 21-2720 and 21-3102, with No. 21-2720 designated as the lead case.[7] *See also North Carolina Natural Gas Corp. v. Seaboard Sur. Corp.*, 284 F.2d 164, 167 (4th Cir. 1960) (acknowledging that "consolidation is within the sound discretion of the [trial] court[.]").

**B. Motions to Amend Complaint and Motions to Dismiss**

Defendants argue that the proposed amended complaints in each of Plaintiff's cases are futile based on his failure to exhaust his administrative remedies, in particular, due to the limited scope of each of his EEOC charges. *See* No. 21-2720, ECF No. 29 at 1; No. 21-3102, ECF No. 21, ECF No. 1. The Court addresses each proposed Second Amended Complaint separately.

The ADEA makes it "unlawful for an employer to . . . fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1). The ADEA "adopts the administrative exhaustion requirements found in Title VII of the Civil Rights Act of 1964 ("Title VII")." *Corneal v. McCurdy*, No. 19-cv-3393-RDB, 2020 WL 1914809, at *3 (D. Md. Apr. 20, 2020) (quoting *Byington v. NBRS Financial Bank*, 903 F. Supp. 2d 342, 348 (D. Md. 2012) ("Before filing a discrimination suit alleging violations of the

---

[7] The clerk will be directed to administratively close No. 21-3102.

ADEA or ADA, an individual must file a charge of discrimination with the EEOC, pursuant to the same powers, procedures, and remedies applied to Title VII claims.")). "If timely raised by the defendant, failure to exhaust administrative remedies warrants dismissal under Rule 12(b)(6) of the Federal Rules." 2020 WL 1914809, at *3 (citing *Stewart v. Iancu*, 912 F.3d 693, 701–702 (4th Cir. 2019); *see also Carter v. Montgomery Cty.*, TDC-18-cv-2249, 2019 WL 3804765, at *2 (D. Md. Aug. 13, 2019) (construing motion to dismiss under Rule 12(b)(1) for failure to exhaust administrative remedies as a motion to dismiss under Rule 12(b)(6) in light of the Supreme Court's decision in *Fort Bend Cty v. Davis*, 139 S. Ct. 1843, 1846 (2019)).

"This [administrative exhaustion] requirement serves the purpose of placing 'the employer on notice of the alleged violations' such that it can have the opportunity 'to address the alleged discrimination prior to litigation.'" *Brown-Wicks v. PPE Casino Resort Maryland, LLC*, No. 18-cv-2576-GJH, 2019 WL 3778677, at *2 (D. Md. Aug. 9, 2019) (quoting *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012)). "Therefore, only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in the [ADEA] lawsuit." *Id.* (citing *Chacko v. Patuxent Inst.*, 429 F.3d 505,506 (4th Cir. 2005)). Moreover, "a plaintiff may bring an ADEA action 'only against the respondent named in the [EEOC] charge.'" *Zhang v. Sci. & Tech. Corp.*, 332 F. Supp. 2d 864, 867 (D. Md. 2004) (quoting *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998)).

At the same time, this administrative exhaustion requirement "should not become a tripwire for hapless plaintiffs." *Sydnor*, 681 F.3d at 594. "EEOC charges must be construed with the utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Alvarado v. Bd. of Trs. of Montgomery Cty. Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir.

1988). Thus, the primary question is whether "the factual allegations in the [EEOC] charge are reasonably related to the factual allegations in the formal litigation." *Chacko*, 429 F.3d at 509. And an EEOC charge referencing "different time frames, actors, and discriminatory conduct than the central factual allegations" in the civil complaint does not satisfy administrative exhaustion requirements. *See id.* at 506.

1. **Proposed Second Amended Complaint (No. 21-2720, ECF No. 26-1)**

Plaintiff's proposed Second Amended Complaint, *see* No. 21-2720, ECF No. 26-1, is futile for several reasons.

First, Plaintiff's proposed factual allegations in support of his disparate impact claim, *see* ECF No. 26-2 ¶¶ 34, 39, 45–60, fail to remedy the fact that Plaintiff's EEOC Charges, which form the basis of his suit, assert, at most, an individual claim of disparate treatment, not disparate impact, *see* ECF No. 2-2 at 1–3. This distinction is relevant because "[d]isparate impact claims are distinct from disparate treatment claims; the allegations of one does not *ipso facto* give rise to the other." *Cunningham v. Adventist Healthcare, Inc.*, Civil No. 19-cv-TJS, 2021 WL 662183, at *4 (D. Md. Feb. 19, 2021) (citing *Banhi v. Papa Johns USA, Inc.*, Civil No. 12-cv-RWT, 2013 WL 3788573, at *4 (D. Md. July 18, 2013)). "A party seeking to raise both types of claims must administratively exhaust each claim before filing a lawsuit." *Id.* (citing *Young v. United Parcel Serv. of Am., Inc.*, No. 08-cv-2586-DKC, 2010 WL 1346423, at *6 (D. Md. Mar. 30, 2010)).

Plaintiff's Initial and Amended EEOC Charges assert claims of disparate treatment against Plaintiff, regarding the denial of the "Director of Capital Programs" and "Construction Officer/Deputy" positions, *see* ECF No. 2-2 at 1–2, which occurred on specific dates October 2, 2017, and February 2, 2018, respectively, *see id.* Further, in his Initial EEOC Charge, Plaintiff stated: "I believe [Prince George's County Board of Education] discriminated *against me* in the

terms, conditions, privileges, of employment in the area of failure to hire *on the basis of my age* (63)[,]" ECF No. 2-2 at 1 (emphasis added), and in his Amended EEOC Charge, he stated: "I believe the aforementioned actions were taken *against me* because the new Construction Officer/Deputy selected is younger, in her thirties (30) than me (Age 63)." *Id.* at 3 (emphasis added). It cannot be said that Plaintiff's disparate impact claim—that Defendants' "preselection of candidates for positions, has caused an adverse, disproportionate impact on persons because of their age"—is either "reasonably related" to his Initial and Amended EEOC Charge or that such a disparate impact claim would be "developed by reasonable investigation" of Plaintiff's discrete allegations as set forth in both Charges. *See Chacko*, 429 F.3d at 505–506. Put differently: "the problem . . . is that the words used in the EEOC charge do not correlate to the sort of assertions and facts from which a future cause of action based on disparate impact can be discerned." *Abdus-Shahid v. Mayor & City Council of Baltimore*, 674 F. App'x 267, 276 (4th Cir. 2017) (citing *Chacko*, 429 F.3d at 505, 509).

Because Plaintiff has failed to exhaust his administrative remedies as to his disparate impact claim, Plaintiff's amendment here is futile. *See Abdus-Shahid*, 674 F. App'x at 276 ("Abdus-Shahid . . . failed to exhaust his administrative remedies with respect to a disparate impact claim under Title VII and the district court did not err in dismissing this claim."). Moreover, then, Defendants' Partial Motion to Dismiss Plaintiff's disparate impact age discrimination claim, No. 21-2720, ECF No. 29, must be granted for the same reason.

Second, Plaintiff's proposed disparate treatment claim (Count 3), which is based on his non-selection for a position not identified in either his Initial or Amended EEOC Charge and factual allegations outside of the time frames identified in either Charge, is likewise futile. In Plaintiff's initial EEOC Charge filed on March 5, 2018, which listed the earliest and latest date

of discrimination as October 2, 2017, he alleged that Defendant discriminated against him due to his age by failing to hire him for the then-vacant "Director of Capital Programs" position, which Defendants filled with a "non-qualified younger applicant." ECF No. 2-2 at 1. Then, in his Amended EEOC Charge, filed on August 20, 2018, Plaintiff supplemented his allegations to include that on February 2, 2018, Defendants again discriminated against him on the basis of his age by "select[ing] a younger person in her thirties (30s) to be the Construction Officer/Deputy whose qualifications are questionable." *Id.* at 2–3. The earliest and latest date of discrimination for the Amended EEOC Charge was April 24, 2018. *Id.* at 2.

In the proposed Second Amended Complaint, however, Plaintiff includes allegations regarding a "Project Management Supervisor" position, which Plaintiff alleges he interviewed for on October 26, 2017, along with addition factual allegations about what occurred after Plaintiff was denied this position, and even what occurred before he applied for this position, *see* ECF No. 26-2 ¶¶ 2–13, 14–29, 80. This position of "Project Management Supervisor" was not identified in either Plaintiff's Initial or Amended EEOC Charge, and the date of the position falls outside of the dates of October 2, 2017 and April 24, 2018 identified in both charges. Although Courts liberally construe EEOC charges, the Court is "not at liberty to read into administrative charges allegations they do not contain." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013). Further to that point, following an administrative investigation, the additional allegations set forth in the proposed Second Amended Complaint regarding the alleged disparate treatment Plaintiff endured cannot "reasonably be expected to follow [Plaintiff's] charge of discrimination[,]" *see Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981), which focused on discrete positions limited to specific periods of time.

Accordingly, Plaintiff failed to exhaust his administrative remedies as to his disparate treatment claim such that these claims are futile.

Next, Plaintiff's additional factual bases of retaliation are, likewise, futile for the same reasons previously discussed. In Plaintiff's Amended EEOC Charge, he alleged a singular act of retaliation: the receipt of a "Performance Correction Notice" on April 26, 2018 from his supervisor because "[he] did not attend the mandatory training . . . [his] tone in [his] email was harsh . . . and [he] was disrespectful and insubordinate." ECF No. 2-2 at 2. Plaintiff further alleged that "the Performance Correction was done as a result of filing a discrimination complaint with [Prince George's County Board of Education] of why [he] was denied a promotion as Director of Capital Programs." *Id.*

In the proposed Second Amended Complaint, however, Plaintiff seeks to expand his retaliation claim beyond the singular act of retaliation alleged in his Amended EEOC Charge. Specifically, Plaintiff now seeks to include additional bases of retaliation including (1) failing to promote him for the "Project Management Supervisor," "Capital Improvement Officer," and "Construction Office/Deputy" positions, (2) issuing him another Corrective Action on November 17, 2021, and (3) failing to investigate Plaintiff's charges of discrimination and retaliation. *See* ECF No. 26-2 ¶¶ 68(1)(a)–(e), (g), (4)–(5). These additional bases of retaliation, at least one of which clearly falls outside of the date identified in the Amended EEOC Charge, plainly reference a "different time frame[] . . . and discriminatory conduct" than the singular act of retaliation alleged in the Amended EEOC Charge. *See Chacko,* 429 F.3d at 506. As such, they can neither be "reasonably related" to the alleged retaliation in the Amended EEOC Charge, nor likely to be "developed by" a reasonable investigation. *See id.* Even recognizing that "EEOC charges often are not competed by lawyers," Plaintiff could have further amended his Amended EEOC Charge

to include these additional bases of retaliation. *See Balas*, 711 F.3d at 408 (Plaintiff had a "different form of recourse if [he] determined that [his] initial charge [did] not read as [he] intended . . . [he could have] file[d] an amended charge with the EEOC."); *see also Brown v. Target Inc.*, No. 14-cv-0950, 2015 WL 6163609, at *4 (D. Md. Oct. 16, 2015) (holding that where plaintiff did not amend her EEOC complaint to include allegations of additional discriminatory conduct, which occurred after the filing of her EEOC complaint, she failed to exhaust her administrative remedies as to these allegations). Accordingly, Plaintiff's proposed amendments with respect to his retaliation claim are, likewise, futile.

Finally, Plaintiff's proposed Second Amended Complaint, as in his initial Complaint, continues to name as Individuals Defendants the following three employees of Defendant Prince George's County Board of Education: Mark Fossett, Chief Operating Officer, Shawn Matlock, Director of Capital Programs, and William Smith, Project Management Supervisor, *see* ECF No. 26-2 at 6–21. A plaintiff, however, "may bring an ADEA action 'only against the respondent named in the [EEOC] charge.'" *Zhang v. Sci. & Tech. Corp.*, 332 F. Supp. 2d 864, 867 (D. Md. 2004) (quoting *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998)).

Here, Plaintiff's Initial and Amended EEOC Charges name only Defendant Prince George's County Board of Education. *See* ECF No. 2-2 at 2–4. Plaintiff's EEOC Charges, therefore, have "failed to put the individual defendants on notice that they were potentially subject to personal liability for the alleged violations." *See Causey*, 162 F.3d at 800–01. As such, Plaintiff has also failed to exhaust his administrative remedies against each of the Individual Defendants, and his attempt to name them in proposed Second Amended Complaint 1 is futile. *See id.*[8] Further then, Plaintiff also fails to state a claim as to the Individual Defendants in his

---

[8] Additionally, Defendants contend that "the Individual Defendants [are] not liable as a matter of law for alleged ADEA violations because they are not Plaintiff's employer[,]" *see* ECF No. 29 at 6. Defendants are correct. "Under .

initial Complaint, and the Court will grant Defendants' Partial Motion to Dismiss the Individual

Defendants. *See Brown v. Miller*, No.19-cv-3156-GLR, 2020 WL 3184144, at *3 (D. Md. June

15, 2020) (dismissing ADEA claims, in part, for failure to exhaust administrative remedies

where plaintiff did not name individual defendants in his EEOC charge).

For all of these reasons, Plaintiff's proposed Second Amended Complaint is futile and the

Court denies Plaintiff's Motion for Leave to Amend, No. 21-2720, ECF No. 26, in its entirety.

Moreover, the Court grants Defendants' Partial Motion to Dismiss, ECF No. 17, as well.

## 2. Proposed Amended Complaint 2 (No. 21-3102, ECF No. 23-2)

Plaintiff's proposed Amended Complaint 2 in Case No. 21-3102, *see* ECF No. 23-2, is

also futile for the same reasons previously outlined. Here, the proposed factual additions cannot

remedy the fact that Plaintiff failed to exhaust his administrative remedies as to his disparate

impact, treatment, and collective action claims.

In the EEOC Charge underlying Plaintiff's suit, *see* No. 21-3102, ECF No. 1-2 at 1,

Plaintiff alleged that in May 2016, he applied for a vacant Project Manager Supervisor position

and that on June 20, 2016, he was informed that he was not selected for the role, *id.* He further

alleged that a "similarly situated younger employee" was "allowed to attend senior meetings and

provide direction to employees as if he was pre-selected for the position and in fact he was

selected for the position." *Id.* Plaintiff filed a grievance, though "nothing was done," and he

alleged the following: "I believe I have been discriminated against because of my age (62) in

violation of the Age Discrimination in Employment Act of 1964, as amended with respect to

---

. . the ADEA, 'supervisors are not liable in their individual capacities' for violations." *Lewis-Davis v. Baltimore Cnty. Pub. Sch. Infants & Toddlers Program*, No. 20-cv-0423-ELH, 2021 WL 1720235, at *13 (D. Md. Apr. 30, 2021) (citing Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994)). Thus, Plaintiff's attempt to include Individual Defendants in the proposed Second Amended Complaint 1 are futile for this additional reason.

promotion and unequal terms and conditions of employment." *Id.* Plaintiff identified the earliest

date of discrimination as May 1, 2016, and latest date of discrimination as July 7, 2016. *Id.*

For the same reasons previously outlined, *see supra* Section III.B.1, Plaintiffs additional

factual allegations regarding other non-advertised job positions Defendants allegedly failed to

advertise to its employees, which Plaintiff uses to support his disparate impact claim, *see* ECF

No. 23-2 ¶¶ 73–79, are not "reasonably related" to and would not be "developed by reasonable

investigation" of the discrete allegation regarding the Project Manager Supervisor position

identified in the November 22, 2016 EEOC Charge. *See Abdus-Shahid*, 674 F. App'x at (citing

*Chacko*, 429 F.3d at 505, 509). *(*"[T]he problem . . . is that the words used in the EEOC charge

do not correlate to the sort of assertions and facts from which a future cause of action based on

disparate impact can be discerned."); *see also* Chacko, 429 F.3d at 509 ("[W]e have held that the

allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff

subsequently alleges a broader pattern of misconduct.").

The same is true for Plaintiff's collective action claim, which he asserts is based on the

same EEOC Charge, *see* ECF No. 23-2 ¶ 81. In the EEOC Charge, Plaintiff alleged only an

individual claim of discrimination: "*I believe I have been discriminated against* because of my

age (62) in violation of the Age Discrimination in Employment Act of 1964[.]" ECF No. 1-2 at 1

(emphasis added). This allegation of discrimination against an individual could not have placed

Defendant Board, as Plaintiff's employer, "on notice of the alleged [class-based] violations" such

that it could have had the opportunity "to address the alleged discrimination prior to litigation."

*See Sydnor*, 681 F.3d at 593. And "[a]pplying the exhaustion rule, courts have held that plaintiffs

are barred from asserting class-based discrimination claims where their EEOC charge fails to

indicate illegal classwide, as opposed to individual, discrimination." *Harrison v. Progressive*

*Corp.*, No. 1:12 CV 625, 2012 WL 4461503, at *5 (N.D. Ohio Sept. 25, 2012) (citing *Parrish v.*
*Ford Motor Co.*, No. 89–6290, 1990 WL 109188, at * 7 (6th Cir. Aug. 2, 1990) (affirming denial
of plaintiff's motion to file an amended complaint alleging class claims under the ADEA, finding
that plaintiff's EEOC charge did not assert an "adequate claim of class-based discrimination,"
notwithstanding that the charge referenced Ford's "practiced policy" of imposing an agebased
window on promotions)). Therefore, Plaintiff has failed to exhaust his administrative remedies as
to his disparate impact and collective action claims, and these claims are futile.

Further, Plaintiff's additionally proposed factual allegation in support of his disparate
treatment claim—that he applied for the Project Management Supervisor position for a second
time after it was reposted—fails to remedy the administrative exhaustion issues that have, thus
far, plagued Plaintiff's proposed amended complaints. *See* ECF No. 23-2 ¶ 8. In the underlying
EEOC Charge, Plaintiff alleged that (1) he applied for "the vacant Project Manager Supervisor
position" in May of 2016, (2) he was informed that he was not selected on June 20, 2016, and (3)
the dates of discrimination occurred between May 1, 2016 and July 7, 2016. ECF No. 1-2 at 2.
Plaintiff's proposed Amended Complaint 2 alleges that "July 24, 2017, was the date of the re-
posted job announcement" for the Project Management Supervisor position. *See* ECF No. 23-2
¶¶ 5, 1, 4. This date, July 24, 2017, is over one year past the latest date of discrimination, July 7,
2016, listed by Plaintiff in the EEOC Charge, *see* ECF No. 1-2 at 2. Moreover, Plaintiff's EEOC
Charge, unlike Plaintiff's proposed factual allegations, *see* ECF No. 23-2 ¶¶ 29 – 34, fails
entirely to mention Sarah Woodhead or that she was involved in any discriminatory conduct, as
Plaintiff now seeks to allege. Accordingly, Plaintiff's attempt to amend the Complaint to add an
additional basis of disparate treatment based on (1) a time frame different from the one listed in
his EEOC and (2) different actors, is futile. *See Chacko*, 429 F.3d at 506 ("We hold that a

plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames [and] actors . . . than the central factual allegations in his formal suit.").

Plaintiff's attempt to assert claims against the Individual Defendants, Mark Fossett, Shawn Matlock, and Sarah Woodhead, are futile for the same reason previously discussed: Plaintiff only identifies Defendant Prince George's County Board of Education, not any Individual Defendant, in his EEOC Charge, *see* ECF No. 1-2 at 1. Plaintiff, therefore, has plainly failed to exhaust his administrative remedies with respect to the Individual Defendants. *See Brown*, 2020 WL 3184144, at *3. Accordingly, his proposed Amended Complaint 2 is futile for this additional reason, and the entirety of Plaintiff's Motion for Leave to Amend, ECF No. 17, must be denied for futility. Furthermore, it is for all of these reasons that Defendants' Motion to Dismiss with Prejudice, No. 21-3102, ECF No. 13, will also, in its entirety, be granted.[9]

In sum, the only claim that remains in Plaintiff's Amended Complaint, No. 21-2720, ECF No. 2, is Plaintiff's retaliation claim against Defendant Prince George's County Board of Education.[10]

## C.  Other Motions

Plaintiff has filed two additional motions, *see* No. 21-2720, ECF Nos. 22 & 23, each of which fails on its merits.

---

[9] Because the Court grants Defendant's Motion to Dismiss with Prejudice, No. 21-3102, ECF No. 13, in its entirety, Plaintiff's remaining motions, including (1) the Motion for Rule 56(d), ECF No. 19, and (2) the Motion to Strike Part of Defendant's Opposition to Plaintiff's Motion to Amend Complaint, ECF No. 25, are denied as moot. Plaintiff's Requests for Entry of Default as to each Defendant, *see* ECF Nos. 30–34 are, likewise, denied as moot. Further, Plaintiff's Motion for Leave to File Surreply, ECF No. 29, is also denied because it does not address arguments that could not have been anticipated and addressed previously. Additionally, even if the arguments in the Surreply were considered, the Court's ruling would not be impacted.

[10] Administrative exhaustion is a bar to Plaintiff's claims, and none of the arguments proffered by Plaintiff across the multitude of his filings, *see* No. 21-2720, ECF Nos. 24, 33; No. 21-3102, ECF Nos. 16, 24, 36–38, change the Court's ruling.

Plaintiff filed a Motion for Rule 56(d) relief requesting that the Court grant his motion and deny Defendants' Partial Motion to Dismiss because he "has not had time to conduct any form of discovery, provide and receive pretrial disclosures, retain an expert nor even receive a trial schedule from the [Court]." ECF No. 22-1 at 1. Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal quotation marks and citation omitted). Defendants, however, have filed a Motion to Dismiss, not a motion for summary judgment. Therefore, Plaintiff's Motion is inapplicable at this stage and is denied.

Plaintiff also filed a Motion to Strike Defendant's Affirmative Defense arguing that Defendants affirmative defenses are "without merit, conclusory, improperly pled, devoid of any factual allegations, and inadequate as a matter of law." ECF No. 23-1 at 5. Striking all or a portion of a pleading is a "drastic remedy," *see Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001), such that "to succeed on a motion to strike an affirmative defense, plaintiffs must demonstrate that they will be prejudiced if the defense is not stricken." *Miller v. Live Nation Worldwide, Inc.*, No. 14-cv-2697-TDC, 2015 WL 235553, at *3 (D. Md. Jan. 15, 2015).

Here, Plaintiff has not even attempted to argue any prejudice. Rather, Plaintiff merely states that "these defenses are insufficient" and that "Defendants have not applied their defenses to the facts of this case." Because Plaintiff has not provided this court with any inkling of prejudice that would result from not striking these defenses, the Court denies Plaintiff's Motion to Strike as well. *See Haley Paint Co. v. E.l Du Pont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md. 2012) (denying part of plaintiff's motion to strike because "Plaintiffs have articulated no

prejudice that would result from a denial of their motion."); *see also Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assoc. Ltd*, No. 11-cv-1809-CCB, 2012 WL 2945489 at *5 (D. Md. July 17, 2012) ("Even if the [Iqbal/Twombly] pleading standards do apply, [plaintiff] has not demonstrated prejudice in the event that this court denies their motion to strike[.]").

## IV.      CONCLUSION

For the foregoing reasons, Defendants' Partial Motions to Dismiss, Motion to Dismiss with Prejudice, and Motion to Consolidate are granted, and Plaintiff's Motions for Leave to Amend Complaint is denied. A separate Order shall issue.

Date: <u>September 29, 2022</u>                              _____/s/_____

GEORGE J. HAZEL
United States District Judge