IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRY MILTON LEWIS, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL NO. JKB-21-2720 |
| PRINCE GEORGE'S COUNTY BOARD OF EDUCATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Henry M. Lewis, proceeding *pro se*, brings claims against Defendant Prince George's County Board of Education ("Board"), alleging employment discrimination on the basis of age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq*. (*See generally* Am. Compl., ECF No. 2.)[1]

Presently pending before the Court are Lewis's: "Motion to Amend Court's Memorandum Opinion and Order" ("Motion for Reconsideration") (Mot. Reconsider., ECF No. 40); Motion to Amend Plaintiff's Motion to Amend Court's Memorandum Opinion and Order ("Motion to Amend Plaintiff's Motion") (Mot. Amend. Pl. Mot., ECF No. 42); and Motion to Amend Complaint (Mot. Amend., ECF No. 43). Also pending before the Court is the Board's "Motion Pursuant to Rule 6(b) to Accept Late Filing of Its Opposition to Plaintiff's Motion to Amend" ("Motion to Accept") (Mot. Accept, ECF No. 48).

---

[1] The Amended Complaint also names as defendants three employees of the Board: Mark Fossett, the Chief Operating Officer; Shawn Matlock, the Director of Capital Programs; and William Smith, a Project Management Supervisor. (ECF No. 2.) However, these defendants were dismissed from this case on September 29, 2022. (*See* ECF Nos. 38, 39.)

These motions are fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth in this Memorandum, a separate Order shall issue denying Lewis's Motion for Reconsideration (ECF No. 40) and denying as moot the Motion to Amend Plaintiff's Motion (ECF No. 42), granting in part the Motion to Amend Complaint (ECF No. 43), and granting Defendant's Motion to Accept Late Filing (ECF No. 48).

## I. *Factual Background*[2]

Lewis, now a 69-year-old man, began his employment with the Board as a Project Manager for the Department of Capital Programs in June 2012. (Am. Compl. at 4, 7.) Lewis alleges that he was discriminated against based on his age and retaliated against for making complaints regarding that discrimination. (*Id.* at 7, 10–13.) In particular, he alleges that over the span of several years, he applied for and was denied various promotions in favor of younger candidates. (*See generally id.*)

Lewis alleges that on August 19, 2016, the Board posted a job vacancy announcement for the position of Director of Capital Programs. (*Id.* at 9.) Although he interviewed for the position, and "met all of the qualifications" for it, Lewis did not receive the promotion. (*Id.*) According to Lewis, Mark Fossett, then the Assistant Superintendent of Supporting Services, "pre-selected" Shayla Taylor as the Acting Director of Capital Programs "without competition." (*Id.* at 8.) He states that he filed an internal grievance regarding Taylor's selection, but never received a determination. (*Id.* at 10.)

No applicant for the position of Director of Capital Programs was selected from the initial pool of applicants, so the Board "re-posted" the position February 2, 2017. (*Id.* at 9.) Lewis states

---

[2] The factual background provided is largely drawn from facts that are undisputed (or indisputable) by the parties. To the extent it addresses disputed facts, the Court draws background mainly from the Amended Complaint (ECF No. 2) and Proposed Second Amended Complaint (ECF No. 43), in view of the axiom that *pro se* pleadings are to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

that the job announcement instructed prior applicants not to apply, and he states that no interviews were ever held for this posting, so it was posted for a third time on May 17, 2017. (Am. Compl. at 9.) But, Lewis alleges that Shawn Matlock was pre-selected for the position, and appointed on October 4, 2017, despite failing to meet the articulated qualifications. (*Id.* at 9–10.) Lewis asserts that "[t]his process of preselection was discriminatory to [his] being promoted." (*Id.*)

In addition, Lewis alleges that on February 2, 2018, Matlock appointed Taylor as the "Construction Officer/Deputy," a position that "did not exist on paper," but gave Taylor "all the privileges" of a "Deputy Director." (*Id.* at 8.) Lewis subsequently filed an internal grievance regarding Taylor's selection for this position. (*Id.*) He asserts that he "was denied the equal opportunity to apply for the position" due to his age, and that Taylor, a "significantly younger candidate," was "preselected without competition," despite having "less qualifications and experience" than Lewis did. (*Id.*) However, he alleges that he "never received a determination regarding his grievance." (*Id.* at 10.)

On March 5, 2018, Lewis filed a charge of age discrimination with the Prince George's County Human Relations Commission ("Commission") and the Equal Employment Opportunity Commission ("EEOC") against the Board regarding Matlock's appointment to the position. (*Id.*) In this Charge of Discrimination, Lewis stated that the Board "hired a non-qualified younger applicant (age late 40–early 50s) for the vacant Director–Capital Program job position," and that despite Lewis's meeting "the minimum qualifications for the position," he was not hired because of his age, then 63-years-old. (Am. Compl. Ex. A at 1, ECF No. 2-2.)

Lewis alleges that he applied for several other promotions—Project Management Supervisor (twice), Capital Improvement Officer, Supervisor of Capital Programs, "Acting Supervisor," and Acting Project Management Supervisor—but continued to be rejected by the

Board. (Am. Compl. at 10.) According to Lewis, these various denials for promotions "created such an intolerable employment situation that a constructive discharge has occurred" because it amounts to "career ending retaliation," as his "reasonable expectations of future advancement were completely frustrated." (Am. Compl. at 11–12.) In addition, Lewis alleges that several disciplinary actions were taken against him, including: an e-mail reprimand from his supervisor, William Smith, on April 14, 2018; a "Performance Correction Notice" from Matlock, "citing William Smith," on April 26, 2018; and an e-mail reprimand from Matlock on April 26, 2018. (*Id.*) Lewis alleges that the failures to promote him, disciplinary actions, and "constructive discharge" were retaliation for his EEOC charges and internal grievances. (*See id.* at 12.)

On August 20, 2018, Lewis filed another charge of discrimination against the Board with the Commission and EEOC, expressing his "wish to amend" the March 5, 2018, charge of discrimination. ("Amended Charge," Am. Compl. Ex. A at 2.) In the Amended Charge, Lewis added claims of retaliation, stating:

> On April 26, 2018, the Respondent's, [sic] Supervisor issued me a Performance Correction Notice because I did not attend the mandatory training and that my tone in my email was harsh and I was disrespectful and insubordinate. I explained to the Supervisor that the reason I did not attend was because there was a mix-up in the schedule dates and illegal activity was being conducted at the Respondent's location. The Performance Correction was done as a result of filing a discrimination complaint with the Respondent. [sic] of why I was denied a promotion as Director of Capital Programs.

(*Id.*) Lewis also included an additional claim of age discrimination, stating:

> On February 2, 2018, the Respondent selected a younger person in her thirties (30's) to be the Construction Officer/Deputy whose qualifications are questionable. I am more qualified. . . . I believe the aforementioned actions were taken against me because the new Construction Officer/Deputy selected is younger, in her thirties (3) than me (Age 63).

(*Id.* at 2–3.) The EEOC issued a Dismissal and Notice of Rights on August 3, 2021. (Am. Compl. Ex. B, ECF No. 2-2.)

4

After he filed the Amended Charge, but before the EEOC issued the Dismissal and Notice of Rights, Lewis alleges that two additional disciplinary actions were taken against him: an e-mail reprimand from Smith on June 28, 2019; and a "Corrective Action" from Matlock and Smith "at the direction of Mark Fossett" on November 13, 2019. (Am. Compl. at 12.) Lewis also mentions "[o]ther disciplinary actions not cited and continuing retaliation such as the reprimand emails from William Smith on October 4, 2021." (*Id.*)

## II.   *Procedural History*

As noted above, Lewis filed a charge of discrimination with the Commission and the EEOC on March 5, 2018, (Am. Compl. Ex. A at 1), and on August 20, 2018, he filed the Amended Charge with the Commission and the EEOC. (*Id.* at 2.) The EEOC issued a Dismissal and Notice of Rights on August 3, 2021. (Am. Compl. Ex. B, ECF No. 2-2).

Lewis filed the instant case on October 22, 2021. (*See* ECF No. 1.) On November 11, 2021, Lewis filed an Amended Complaint. (ECF No. 2.) Thereafter, on December 6, 2021, Lewis filed a second lawsuit. (*See* Case No. 21-3102, ECF No. 1).

By Memorandum Opinion and Order of September 29, 2022, Judge George Hazel of this Court consolidated the two cases, designating the instant suit (Case No. 21-2720) as the lead case. (ECF Nos. 38, 39.) In the Memorandum and Order, the Court denied Lewis's Motion for Leave to File Second Amended Complaint (ECF No. 26) and granted Defendants' Partial Motion to Dismiss (ECF No. 17), both of which had been filed in the instant suit. (*See* ECF Nos. 38, 39.) In addition, the Court dismissed Case No. 21-3102 in its entirety, and directed the Clerk of Court administratively close the action and consolidate with the instant case. (*See* ECF Nos. 38, 39.) As a result, "the only claim that remains . . . is Plaintiff's retaliation claim against Defendant Prince George's County Board of Education." (ECF No. 38 at 22.)

5

Thereafter, the parties filed the instant Motions. On October 26, 2022, Lewis filed the Motion for Reconsideration. (ECF No. 40.) On December 2, 2022, Lewis filed the Motion to Amend Plaintiff's Motion (ECF No. 42), and, on December 6, 2022, Lewis filed the Motion to Amend Complaint (ECF No. 43). On January 2, 2023, the Board filed the Motion to Accept its one-day delayed filing, pursuant to Federal Rule of Civil Procedure 6(b). (ECF No. 48.)

On February 22, 2023, this case was re-assigned to the undersigned.

### *III.   Analysis*

Lewis has not demonstrated a clear error of law warranting an amendment or reconsideration of the Court's September 29, 2022, Memorandum Opinion and Order. His Motion for Reconsideration will therefore be denied. In addition, the Court will grant the Board's Motion to Accept. Lewis's claim for retaliatory hostile work environment in his proposed Third Amended Complaint is futile, and the Court will therefore deny in part Lewis's Motion to Amend Complaint. However, Lewis is permitted to amend the Amended Complaint in order to add new factual allegations, as specified below.

#### *A. Motion for Reconsideration*

Lewis asserts that he filed his Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 52(b), 59(e), "or, in the alternative," Rule 60. (Mot. Reconsider. Mem. Supp. at 1, ECF No. 40-1.) In opposition, the Board contends that it is instead subject to Rule 54. (Opp'n to Mot. Reconsider. at 1–2, ECF No. 41.) However, this Court need not resolve this dispute because the Motion for Reconsideration cannot succeed under any of these asserted rules. *See Brightview Grp., LP v. Teeters*, Civ. No. SAG-19-2774, 2020 WL 4003168, at *2 (D. Md. July 15, 2020) ("Because, under any framework of review, Defendants are not entitled to their requested relief, the Court need not definitively resolve the parties' technical arguments.").

Under Rules 52(b), 54(b), 59(e), and 60(b), the movant is required to demonstrate: (1) a clear legal error in the Court's ruling; (2) newly discovered evidence warranting reconsideration; or (3) an intervening change in controlling law. *Id.* (compiling cases). Moreover, courts in this district generally refer to the standards for a motion under Rule 59(e) or 60(b) in considering a motion under Rule 54(b), so the requirements are functionally the same under each. *See Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018); *see also Cohens v. Md. Dep't of Human Res.*, 933 F. Supp. 2d 735, 742–43 (D. Md. 2013) ("In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law." (internal quotation marks and citations omitted)). Further, under each of these rules, "a motion to reconsider is not a license to reargue the merits or present new evidence" that was previously available to the movant. *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001) (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992)).

Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Indeed, Lewis faces a "high bar" to succeed on his motion. *Worsham v. Discount Power*, Civ. No. RDB-20-0008, 2021 WL 5742382, at *2 (D. Md. Dec. 1, 2021) (citation omitted). "A litigant's 'mere disagreement' with a ruling is not enough to justify a motion for reconsideration." *Jackson v. Sprint/United Mgmt. Co.*, Civ. No. RDB-21-0426, 2022 WL 5053803, at *3 (D. Md. Oct. 4, 2022) (quoting *Lynn v. Monarch Rec. Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013)). Rather, "the prior judgment . . . must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012) (citation omitted). The

previous decision must be "dead wrong." *TFWS, Inc.*, 572 F.3d at 194. Moreover, "where, as here, the order was entered by one judge and then reviewed by another, courts have held that the latter judge should be hesitant to overrule the earlier determination." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citation and quotations omitted).

In this case, Lewis has neither argued the existence of newly discovered evidence nor a change in controlling law. Therefore, the Court is left to consider whether the September 29, 2022, Memorandum Opinion and Order contained a clear error of law warranting amendment or reconsideration. The Court concludes that no such error is present.

Lewis asserts that the Court improperly dismissed his claims for disparate impact, disparate treatment, and collective action because his allegations met the standards for stating those claims. (*See generally* Mot. Reconsider. Mem. Supp.) However, Lewis's challenges to the decision appear to stem from confusion regarding the basis for these judgments, as well as the meaning of a dismissal for failure to state a claim under Rule 12(b)(6), rather than actual legal errors. To clarify, the previous Court did not make a judgment as to the merits of Lewis's claims, nor did it conclude that Plaintiff's allegations were insufficient to support his claims. Rather, the Court concluded that these claims required dismissal because Lewis failed to exhaust his administrative remedies. (*See* ECF No. 38 at 12–22.)

"Before a plaintiff has standing to file suit" for employment discrimination under the ADEA, "he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).[3] Moreover, "[t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005)

---

[3] The exhaustion requirements for claims under Title VII operate the same as for claims brought under the ADEA. *See Harris v. Am. Airlines, Inc.*, No. 3:17-CV-00280-GCM, 2017 WL 2880400, at *1 (W.D.N.C. July 6, 2017).

8

(quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996)). Although the claims need not be exactly the same as stated in the administrative charge, a subsequent civil suit is confined to "the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir.1981). In sum, a court may only entertain those claims that are: (1) "stated in the initial charge"; (2) "reasonably related to the original complaint"; or (3) "developed by reasonable investigation of the original complaint." *Chacko*, 429 F.3d at 506 (quoting *Evans*, 80 F.3d at 963). In other words, if the Court finds that the exhaustion requirement has not been met, it does not consider the actual substance of those allegations.

Such was the case for Lewis's claims. The Court concluded that Lewis did not exhaust his administrative remedies as to his disparate impact, disparate treatment, and collective action claims. (*See* ECF No. 38 at 12–22.) Specifically, the Court determined that the "proposed factual allegations in support of" each of these claims "fail[ed] to remedy the fact that Plaintiff's EEOC Charges, which form the basis of his suit," did not include the factual allegations he relied on for the lawsuits. (ECF No. 38 at 14; *see id.* at 15–19.) Put another way, Lewis's charges of discrimination did not include the facts pertinent to his claims in this action. Thus, the Court found that "Plaintiff failed to exhaust his administrative remedies as to his disparate impact, treatment, and collective action claims." (*Id.* at 19.)

Lewis does not point to any allegations in his charges to the EEOC that the Court overlooked, nor does he argue that his charges sufficiently stated the facts underlying his present claims. Therefore, Lewis has not demonstrated a clear error of law with the respect to the Court's dismissal of these claims. Accordingly, the undersigned cannot reconsider or amend the September 29, 2022, Memorandum Opinion and Order. Moreover, Lewis's Motion to Amend the

Motion Plaintiff's Motion similarly does not identify a clear error of law, and therefore does not alter this Court's conclusion. Accordingly, Lewis's Motion for Reconsideration (ECF No. 40) will be denied and his Motion to Amend Plaintiff's Motion (ECF No. 42) will be denied as moot.

### B. *Motion to Amend Complaint*

As an initial matter, the Board moves for this Court to accept its Opposition to Lewis's Motion to Amend Complaint, pursuant to Federal Rule of Civil Procedure 6(b). (Mot. Accept at 1.) The Opposition was filed one day late. (*See id.*)

Rule 6(b) provides that the Court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). This determination is within the Court's discretion. Indeed, "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' . . . Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).[4] The Supreme Court identified four factors for courts to consider in this analysis: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. "The most important factor considered by a court is the reason for the delay." *Rothenberg*

---

[4] Although *Pioneer Inv. Servs.* defined "neglect" in the context of the Federal Rules of Bankruptcy Procedure 9006, the Supreme Court's definition has been applied to Rule 6(b). *See, e.g., see Rollakanti v. Holy Cross Hosp.*, Civ. No. PX 16-02914, 2017 WL 4457773, at *1 (D. Md. Aug. 4, 2017), *dismissed*, 699 F. App'x 235 (4th Cir. 2017); *Agnew v. United Leasing Corp.*, Civ. No. 14-525, 2015 WL 13022508, at *3 (E.D. Va. Aug. 10, 2015); *Dwonzyk v. Balt. Cnty.*, 328 F. Supp. 2d 572, 577 (D. Md. 2004).

*v. Marriott Int'l, Inc.*, Civ. No. CCB-08-173, 2008 WL 687033, *1 (D. Md. Feb. 29, 2008) (citation omitted).

Here, the Board explained that the one-day delay in filing occurred as a result of "mistakenly miscalendar[ing] the response date . . . by one day" and that the error was not discovered in part due to "counsel's son ha[ving] an emergency room visit due to an allergic reaction on the date the response was due." (Mot. Accept at 1.) This is the sort of excusable neglect anticipated by Rule 6(b). The one-day delay did result in any prejudice to Lewis and there is no indication of bad faith. Accordingly, the Board's Motion to Accept will be granted and the Court considers its opposition to Lewis's Motion to Amend Complaint.

Lewis requests leave to file a Second Amended Complaint to add a claim for retaliatory hostile work environment. (Mot. Amend. Mem. Supp. at 1, ECF No. 43-1.)[5] However, the Board contends that the amendment should be denied as futile. (*See* Opp'n to Mot. Amend. at 1, ECF No. 46.)

Pursuant to Federal Rule of Civil Procedure 15(a)(1),

> [a] party may amend its pleading once as a matter of course within [ ] 21 days of serving it, or [ ] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should be given "freely" and "when justice so requires." *Id.* There are exceptions, however, to this liberal standard for amendments. One such exception applies where an amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

---

[5] Lewis characterizes this as his third amendment, rather than his second. It appears that this is in light of his previous motion to amend, which the Court denied. (*See* ECF Nos. 38, 39.) However, in light of the denial, this Court refers to the present motion as seeking to file a second amended complaint.

An amendment to a complaint is futile "when the proposed amendment is clearly insufficient and frivolous on its face." *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020). One form of insufficiency exists where "the proposed amended complaint fails to satisfy the federal rules," because it "does not properly state a claim under Rule 12(b)(6)." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). However, claims of futility based on susceptibility to dismissal under Rule 12(b)(6) must identify deficiencies that are "obvious on the face of the proposed amendment." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). For example, the Fourth Circuit has affirmed denials of leave to amend on futility grounds where a plaintiff's proposed amendments raised frivolous legal theories or had readily apparent factual flaws. *See, e.g., Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (affirming denial of leave where amended claims would be clearly subject to "liability waivers [that] preclude recovery").

Lewis's Proposed Second Amended Complaint contains claims dismissed with prejudice by this Court in the Memorandum Opinion and Order of September 29, 2022. In particular, the Proposed Second Amended Complaint includes the claims for disparate impact and disparate treatment. (Prop. Sec. Am. Compl. at 6–13, 19–22, ECF No. 43-2.) However, when claims are dismissed "with prejudice," it means that they are "forever barred from being heard on their merits." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993); *see McCray v. Bank of Am., Corp.*, Civ. No. ELH-14-2446, 2017 WL 1315509, at *14 (D. Md. Apr. 10, 2017) (stating that a claim previously dismissed with prejudice "could not be reasserted in the Amended Complaint"). Thus, this Court cannot permit Lewis to re-assert these claims through amendment.

However, Lewis primarily seeks to amend his Amended Complaint in order to add a claim for retaliatory hostile work environment. (*See* Mot. Amend. Mem. Supp. at 1; Prop. Sec. Am. Compl. at 22–23.) In order to state a claim for retaliatory hostile work environment, a plaintiff must allege that the retaliatory conduct: (1) was unwelcome; (2) was sufficiently severe or pervasive that it would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) can be attributed to the employer. *Laurent-Workman v. Wormuth*, 54 F.4th 201, 218 (4th Cir. 2022) (citations omitted).[6] The Court considers "several factors to evaluate whether the alleged working conditions are severe or pervasive enough," including: "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 211 (internal quotation marks and citation omitted). "These determinations depend on the totality of the circumstances, as [a] play cannot be understood on the basis of some of its scenes but only on its entire performance, and similarly, a discrimination analysis must concentrate not on individual incidents, but on the overall scenario." *Id.* at 218 (quoting *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015)). However, "'complaints premised on nothing more than rude treatment by [coworkers], callous behavior by [one's] superiors, or a routine difference of opinion and personality conflict with [one's] supervisor . . . are not actionable[.]'" *Nyarko v. DaVita Kidney Care*, Civ. No. DLB-22-1141, 2023 WL 2758843, at *10 (D. Md. Mar. 31, 2023) (quoting *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008)). Indeed, an "employee's decision to report discriminatory behavior cannot immunize that

---

[6] Although *Laurent-Workman* concerned Title VII claims, the standard applies equally to claims lodged under ADEA. *See generally Dufau v. Price*, 703 F. App'x 164 (4th Cir. 2017) (applying the same standards to ADEA hostile work environment claim); *McKernan v. Hayes*, No. 4:18-CV-27-FL, 2019 WL 1767563 (E.D.N.C. Apr. 22, 2019) (analyzing Title VII and ADEA discrimination and retaliation claims together).

13

employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Lewis's Proposed Second Amended Complaint does not allege conduct that is sufficiently severe or pervasive to support a claim for retaliatory hostile work environment. Lewis complains of the Board's failure to "take prompt and remedial action to prevent or correct further discrimination, harassment and retaliation," in addition to various reprimands by his superiors. (Prop. Sec. Am. Compl. at 22.) Lewis does not indicate that any penalties followed from these reprimands. At best, the complained of conduct may be characterized as the sort of unactionable "callous behavior by [one's] supervisors." *Nyarko*, 2023 WL 2758843, at *10. Thus, Lewis's Proposed Second Amended Complaint does not state a claim for retaliatory hostile work environment and an amendment would be futile.[7]

However, Lewis's Proposed Second Amended Complaint includes additional factual allegations that occurred after the filing of this lawsuit. Therefore, Lewis is granted permission to amend the Amended Complaint by addition of the following language, taken directly from his Proposed Second Amended Complaint:

> 35. On November 17, 2021, Plaintiff Lewis receives a Corrective Action from Matlock and Smith. It charges, failure to "Adherence to Department Requirements', "Insufficient Communication", and failure of "Adherence to Chain of Command & Communication".
>
> 36. On November 23, 2021, Plaintiff Lewis filed an internal grievance charging retaliation by William Smith and Shawn Matlock. The Prince George's County Board of Education retaliated against Plaintiff by not investigating this charge.

(Prop. Sec. Am. Compl. at 29.) To that extent, the Amended Complaint is treated as amended.

---

[7] Lewis argues that to the extent that the facts alleged to support his retaliatory hostile work environment may be characterized as "time barred," they are permissible under the continuing violation doctrine. (Mot. Amend. Mem. Supp. at 3.) However, the Court need not reach this analysis because Lewis does not make a prima facie case for this claim, even when considering those allegations.

14

Accordingly, the Motion to Amend Complaint (ECF No. 43) will be granted in part and denied in part.

### IV.   *Conclusion*

For the reasons stated above, a separate Order shall issue denying Lewis's Motion for Reconsideration (ECF No. 40), denying as moot Lewis's Motion to Amend Plaintiff's Motion (ECF No. 42), granting in part and denying in part Lewis's Motion to Amend Complaint (ECF No. 43), and granting the Board's Motion to Accept Late Filing (ECF No. 48).

Accordingly, this case shall proceed only as to Lewis's retaliation claim against the Board, as stated in the Amended Complaint (ECF No. 2), with the addition of the new factual allegations, detailed above. The Amended Complaint will be "deemed to have been served, for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date" of this Memorandum and accompanying Order. Local Rule 103.6(a) (D. Md. 2023).[8]

DATED this 13 day of July, 2023.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

---

[8] The Board's Partial Answer (ECF No. 16) to the Amended Complaint is sufficient as to all allegations except the new, substantive factual allegations addressed above. *See In re Izaguirre*, 166 B.R. 484, 489–90 (Bankr. N.D. Ga. 1994) ("Fed. R. Civ. P. 15(a) requires a response only to the altered or added allegations in an amended pleading; if a party has already responded to a portion of a pleading, the prior response is deemed to be a response to that portion contained in a new pleading."); *see also Whittaker v. Morgan State Univ.*, Civ. No. JKB-09-3135, 2011 WL 4072193, at *2 (D. Md. Sept. 12, 2011).