IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| HENRY MILTON LEWIS, | * |
| Plaintiff, | * |
| v. | * |
| PRINCE GEORGE'S COUNTY BOARD OF EDUCATION, | * |
| Defendant. | * |

CIVIL NO. JKB-21-2720

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

As described more fully in a prior Memorandum, pro se Plaintiff Henry Milton Lewis brought claims of age discrimination and retaliation against the Prince George's County Board of Education (the "Board"). (*See generally* ECF No. 51.) The only surviving claim is a claim for retaliation. (*Id.*; *see also* ECF No. 52.) Currently pending before the Court are various motions filed by Lewis and the Board: Lewis's Motion for Enlargement of Time (ECF No. 68); the Board's Motion for Protective Order (ECF No. 60); Lewis's Motion to Amend Complaint (ECF No. 73); and Lewis's Motions to Compel (ECF Nos. 59, 62, 75). The Court will address each of these motions in turn.

### I.   Motion for Enlargement of Time (ECF No. 68)

Lewis has filed a Motion for Enlargement of Time. (ECF No. 68.) The Court finds good cause to extend the deadlines, given the parties' ongoing discovery disputes and other issues, some of which are described below. The discovery deadline will be extended to March 11, 2024. The parties will also be directed to file a Status Report by March 11, 2024, discussing (1) whether or not discovery has been completed; (2) whether or not any motions are pending; (3) whether or not

any party intends to file motions; (4) the anticipated length of trial; and (5) the possibility that the case will be settled. The deadline for the submission of dispositive motions will be April 9, 2024.

## II.   Motion for a Protective Order (ECF No. 60)

The Board has filed a Motion for Protective Order, explaining that it seeks an order "to allow it to designate certain documents responsive to [Lewis's] document requests as confidential prior to producing them." (ECF No. 60 at 1.) The purportedly confidential information consists of employee records of an employee other than Lewis and certain financial information, which the Board contends may constitute a trade secret or confidential commercial/financial information. (ECF No. 60-2 at 2–3.) The Board explains that Maryland's Public Information Act ("MPIA") protects this type of information from disclosure. (*Id.*) Lewis opposes the Motion. (*See generally* ECF No. 63.) Although it is not entirely clear from his briefing, it appears that Lewis may believe that the Board seeks to withhold the documents in their entirety.

Federal Rule of Civil Procedure 26(c) permits "[a] party or any person from whom discovery is sought [to] move for a protective order in the court where the action is pending." Specifically, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c).

The Court will grant the Motion, as it finds that a confidentiality order is appropriate, particularly given that certain information may be protected by the MPIA. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 576 (D. Md. 2010) (explaining that, while the MPIA cannot operate as a privilege to bar discovery, "it could be used as a basis to seek a protective order under Rule 26(c)").

2

Further, the Court does not suggest that by granting this Motion and entering a confidentiality order it presupposes the correctness of any future confidentiality designation or any request to seal information on the docket. Indeed, the confidentiality order that the Court will enter includes provisions for challenging confidentiality designations and for filings motions to seal (which, of course, the Court may grant or deny).

The Court will separately enter the proposed order provided by the Board, as it complies with the Court's Local Rules, which require any proposed confidentiality order to include:

> (a) a definition of confidentiality consistent with Fed. R. Civ. P. 26(c); (b) a method for challenging particular designations of confidentiality with the burden remaining on the party seeking confidentiality to justify it under Rule 26(c); (c) a provision that whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion and accompanying order pursuant to L.R. 105.11; and (d) a provision permitting the Clerk to return to counsel or destroy any sealed material at the end of the litigation.

Local Rule 104.13 (D. Md. 2023).

## III.   Motion to Amend Complaint (ECF No. 73)

Lewis has filed a Motion to Amend Complaint. (ECF No. 73.) He explains that he "seeks to amend the Complaint to add punitive, compensatory, and defamation damages" and "to amend his Complaint for the expungement of all adverse employment actions." (ECF No. 73-1 at 1.) In particular, he seeks to amend his Complaint to add the language in bold below and to remove the language that is struck out below with respect to the relief he seeks in this case:

> Lost wages, employment benefits, and other compensation lost to Lewis as a result of PGCPS' retaliating against Lewis on the basis of his age complaints, and prejudgment interest;
>
> Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to Lewis as a result of defendant's retaliation against him on the basis of his age complaints;

Instatement to the job of Project Management Supervisor (or to a comparable job) and back pay; front pay; Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

. Such other relief that this Court deems just and appropriate, including punitive if applicable, **defamation, and compensatory. The expungement of all adverse employment actions.**

(ECF No. 73-2 at 3.)

Under Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court "may deny leave to amend when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Relevant here, leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 879–80 (4th Cir. 2020) (citations, alterations, and quotations omitted).

With respect to his request to add punitive damages, any amendment would be futile, given that he already seeks such damages. Indeed, his proposed line edits to the operative language do not include any edits relating to punitive damages. Accordingly, his request to amend the Complaint to add punitive damages will be denied. Likewise, the Court will deny as futile Lewis's request to add "defamation damages" to his requested relief, given that there is no claim for defamation in this matter.

With respect to compensatory damages, Lewis seeks leave to amend to add a request for damages relating to emotional distress and pain and suffering. The Court cannot say that such an amendment would be futile, given the diverging opinions on this issue. *See Vaughan v. Anderson Reg'l Med. Ctr.*, Civ. No. 14 -979-CWR-FKB, 2015 WL 10663140, at *1 (S.D. Miss. Dec. 7, 2015) ("Federal appellate courts to have considered the issue are split on whether the incorporation

of the Fair Labor Standard[s] Act's (FLSA) § 216(b) into the ADEA authorized compensatory and punitive damages in retaliation cases."). The Court also concludes that the amendment would not prejudice the Board. Lewis's initial request for relief included "[s]uch other relief that this Court deems just and appropriate" and the damages Lewis seeks could fairly be read to fall within that catchall phrase. Indeed, the Board propounded discovery requests aimed at identifying documents and other information regarding emotional distress damages. (*See* ECF No. 76 at 4.) The Board explains that Lewis's prior discovery responses indicated that he was not (at that time) seeking such damages, and that allowing Lewis to amend his Complaint would be prejudicial. However, the Court has now extended the discovery deadline, and any prejudice to the Board is neutralized by that fact and that such discovery is likely not voluminous.

Finally, Lewis seeks an "expungement of adverse employment actions." The Board essentially responds that Lewis is not entitled to such relief. The Court finds that such a determination would be premature, and that the Board is not prejudiced by the amendment.

Accordingly, Lewis's Motion to Amend Complaint will be granted in part and denied in part.

## IV.    Motions to Compel (ECF Nos. 59, 62, 75)

Lewis has filed three Motions to Compel. (ECF Nos. 59, 62, 75.) Given the number of issues raised therein and Lewis's pro se status, the Court will set in a Hearing at which it will resolve these Motions. The Court pauses to note that it generally expects parties to resolve discovery disputes without intervention of the Court, and that the Court maintains this expectation despite Lewis's pro se status. The parties will be directed to meet and confer prior to the Hearing. The Court expects the parties to attempt to resolve the issues presented in the three Motions to Compel in good faith, and expects the parties to significantly narrow the discovery issues to be

5

presented for the Court's resolution at the Hearing.  The parties will be required to submit a Joint

Status Report *briefly* detailing each remaining discovery dispute and the parties' respective views.

## V.     Conclusion

Accordingly, it is ORDERED that:

1. Lewis's Motion for Enlargement of Time (ECF No. 68) is GRANTED.

    a. The discovery deadline IS EXTENDED to March 11, 2024 and the deadline for

       filing dispositive motions IS EXTENDED to April 9, 2024.

    b. The parties are DIRECTED to file a Joint Status Report by March 11, 2024.

       The Status Report shall discuss (1) whether or not discovery has been

       completed; (2) whether or not any motions are pending; (3) whether or not any

       party intends to file motions; (4) the anticipated length of trial; and (5) the

       possibility that the case will be settled.

2. The Board's Motion for Protective Order (ECF No. 60) is GRANTED and the Court

   will separately enter the proposed confidentiality order.

3. Lewis's Motion to Amend Complaint (ECF No. 73) is GRANTED IN PART and

   DENIED IN PART.

    a. It is GRANTED insofar as it seeks to add compensatory damages and

       expungement and it is DENIED insofar as it seeks to add defamation damages

       and punitive damages.

4. A HEARING is set in with respect to Lewis's Motions to Compel (ECF Nos. 59, 62,

   75) on February 23, 2024 at 11:00 a.m. in Courtroom 5A at the United States District

   Courthouse at 101 W. Lombard St. Baltimore, MD.

5.  The parties are DIRECTED to meet and confer before February 20, 2024 to attempt to resolve their discovery disputes in good faith prior to the February 23 Hearing.

6.  The parties are DIRECTED to file a Joint Status Report *briefly* detailing each remaining discovery dispute and the parties' respective views by February 20, 2024. To the extent a Hearing is no longer necessary, the Parties SHALL ADVISE the Court of that fact in the Joint Status Report.


DATED this __2__ day of February, 2024.

                                        BY THE COURT:


                                        James K. Bredar
                                        Chief Judge