IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRY MILTON LEWIS, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL NO. JKB-21-2720 |
| PRINCE GEORGE'S COUNTY BOARD OF EDUCATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Henry Milton Lewis' Motion to Compel Deposition of Amana Simmons. (ECF No. 94.) The Court will deny the Motion.

On April 25, 2024, Plaintiff deposed Simmons, a former Equal Opportunity Officer. (*See* ECF No. 94.) At one point during the deposition, the Parties called the Court, and the Court remained on the line and ruled on various objections. (*See* ECF No. 94-1 at 7–12.) In his pending Motion, Plaintiff explains that Simmons failed to answer many questions, and instead responded with answers such as "I don't recall" or "I don't know." (ECF No. 94; *see also* ECF No. 94-1 (deposition transcript).) Plaintiff argues that Simmons gave these responses to questions to which she "should know the answers" and that her responses constituted failures to answer under Federal Rule of Civil Procedure 37(a)(3)(B)(i). (*See generally* ECF No. 94.)

Rule 37(a)(3)(B)(i) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if [] a deponent fails to answer a question asked under Rule 30 or 31[.]" Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose,

answer, or respond." In addition, under Rule 32(d)(3)(B), "[a]n objection to an error or irregularity at an oral examination is waived if: (i) it relates to the manner of taking the deposition, the form of a question or answer . . . ; and (ii) it is not timely made during the deposition."[1]

As an initial matter, the Court does not find compelling Defendant's argument that Plaintiff failed to object to Simmons' responses. The Court has reviewed the entirety of the transcript Plaintiff attached to his Motion, and—mindful of Plaintiff's *pro se* status—finds that Plaintiff did indeed object. Although Plaintiff did not interpose an objection each of the many times Simmons responded with "I don't know" or "I don't recall," he did voice his opposition to these answers. The transcript reflects that Plaintiff stated "[s]he is not answering the question. She is trying to evade the questions, as is obvious, and . . . it is obvious she's not answering the question, and she's avoiding trying to answer the question." (ECF No. 94-1 at 6.) While such an objection may not have been sufficient if Plaintiff were represented by counsel, the Court will not be so formalistic in its requirements for this *pro se* Plaintiff who made his opposition clear.

Next, the Court reviews certain of Simmons' answers. For instance, Plaintiff asked: "How can employees file a complaint?" to which she responded "I don't know." (ECF No. 41-1 at 5.) Plaintiff asked: "How does Prince George's County Public Schools determine whether a complaint has merit or is substantiated?" to which she responded "I don't recall." (*Id.* at 7.) The Court agrees with Plaintiff that it is somewhat implausible that Simmons—who testified that she was the "EEO [equal employment opportunity] advisor for the School System" from 2014 to 2021 and that she served as a "hearing administrator" from 2021 to 2023 (*id.* at 3)—does not know, for example, how an employee could file a complaint. On the other hand, several of Simmons' "I don't know"

---

[1] Plaintiff contends that Rule 32 is inapplicable and cites to Rule 37(a)(3)(C) for the proposition that "[w]hen taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order." However, that the party may complete or adjourn an examination before moving for an *order* does not have any bearing on whether that party must note its *objections* at the time of the deposition.

and "I don't recall" answers were plausible, for example in response to events that had occurred over five years ago, in 2017. (*See, e.g., id.* at 16.) Further, Simmons did respond to many of Plaintiff's other questions.

The Court concludes that Plaintiff's Motion should be denied. As the Court explained in ruling on an objection during the deposition: "She said she doesn't recall, so if she doesn't recall, she doesn't recall." (*Id.* at 8.) A "somewhat implausible" lack of recollection does not render an answer so incredible as to warrant a finding that the witness failed to disclose. Plaintiff bears the burden here,[2] and without more evidence that Simmons was purposefully evasive, as opposed to forgetful or uninformed, the Court cannot conclude that Simmons' answers amounted to refusals to answer or deliberate falsehoods.

Accordingly, it is ORDERED that Plaintiff's Motion to Compel (ECF No. 94) is DENIED.

DATED this 30 day of May, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

---

[2] A party resisting discovery—here, the Defendant—generally bears the burden of persuasion. *Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009). However, when the party seeking discovery—here, the Plaintiff—contends that a response is evasive or incomplete, "[t]he burden is on the party moving to compel discovery to show that the opposing party's answer is incomplete or evasive." *Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc.*, 344 F.R.D. 68, 71 (D.N.H. 2023); *see also Heilman v. Silva*, Civ. No. 13-2984-JLS-MDD, 2015 WL 1632693, at *2 (S.D. Cal. Apr. 13, 2015) ("While Rule 37(a)(4) states that an 'evasive' disclosure 'must be treated as a failure to disclose, answer, or respond,' it is nevertheless the moving party's burden to establish that an answer is evasive or incomplete.").